UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA – NEW ALBANY DIVISION

| | | |
|---|---|---|
| Kevin Hobbs, | § | |
| | § | |
| *Plaintiff*, | § | Case No. _____ |
| | § | |
| v. | § | |
| | § | |
| American Commercial Barge Line LLC; | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant* | § | |

## PETITION

COMES NOW, Plaintiff Kevin Hobbs, who, for his causes of action under general maritime law and the Jones Act against American Commercial Barge Line LLC alleges and states as follows:

### I.
#### PARTIES

1.      Plaintiff is an American seaman residing in Camden, Tennessee.

2.      Defendant American Commercial Barge Line LLC ("ACBL") is a limited-liability company headquartered in Indiana. It may be served: (i) by service on its registered agent in Indiana, C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204; and (ii) by mailing a copy of the summons and petition by first class mail, postage prepaid, to American Commercial Barge Line LLC C/O Legal Department, 1701 E. Market Street, Jeffersonville, IN 47130.

### II.
#### JURISDICTION AND VENUE

3.      This Court has jurisdiction over Defendant because the complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.  Plaintiff initially filed suit in the Circuit Court of St. Louis City - Docket Number 2022-CC10388. Plaintiff's case was

dismissed for *forum non conveniens* in favor of this venue based on a venue selection clause Plaintiff signed shortly after the incident.

4.      Venue is proper in the Southern District of Indiana, New Albany Division because ACBL is headquartered there.

5.      On or about July 3, 2020, Plaintiff was employed by ACBL as a seaman, and was working on ACBL's vessel. While the vessel was located on navigable waters in the City of St. Louis, Missouri, and while Plaintiff was contributing to and aiding the vessel accomplish its mission, Plaintiff was seriously injured while carrying a 90-100 pound wire spool across barges to make tow. ACBL did not provide Plaintiff adequate assistance, equipment, or training to perform this work safely, and ACBL failed to make Plaintiff's workplace safe because the height difference between the barges, the absence of nonskid surface, and other factors made crossing barges hazardous.

6.      As a result of ACBL's negligence, Plaintiff severely injured his neck, back, and other parts of his body.

### III.
### CAUSES OF ACTION

### Count I – Jones Act, 46 U.S.C. § 688 *et seq.*

7.      Plaintiff incorporates by references paragraphs 1 through 6 above as if fully set forth herein.

8.      Plaintiff, as a seaman, brings this suit against Defendant under the provisions of 46 U.S.C. § 688 *et seq.*, commonly known as the Jones Act.

9.      Plaintiff's injuries and damages resulted in whole or in part from the negligent acts or omissions of the Defendant, by and through its agents, servants, and employees, in one or more of the following particulars:

a.  Failing to properly maintain the vessel and/or barge in a reasonably safe condition;

b.  Failing to properly inspect and/or maintain the vessel and/or barge;

c.  Failing to warn Plaintiff of a danger which was unknown to him, yet known to Defendant(s), or which should have been known to Defendant(s) in the exercise of reasonable care;

d.  Failing to turn over the vessel and/or barge in such condition as to allow the Plaintiff to carry on his duties with reasonable safety;

e.  Failing to maintain parts of the vessel and/or barge under their active control in a reasonably safe manner;

f.  Failing to provide a seaworthy vessel and/or barge;

g.  Failing to properly supervise their crew;

h.  Failing to properly train their employees;

i.  Failing to provide adequate safety equipment;

j.  Failing to adequate assistance to complete the task at hand;

k.  Failing to provide a reasonably safe place to work, and

l.  Other acts deemed negligent as further evidence and discovery may dictate.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with interest and costs, prejudgment interest, and for such other and further relief as the Court deems just and proper.

### Count II  - Unseaworthiness

10.  Plaintiff incorporates by references paragraphs 1 through 6 above as if fully set forth herein.

11.     Plaintiff, as a seaman, brings suit against the Defendant under the General Maritime Law of the United States, so much of which is pertinent hereto, including the warranty of unseaworthiness.

12.     At all relevant times, Defendant ACBL's vessel was unseaworthy, and not reasonably fit for its intended purpose.

13.     As a direct and proximate result of the Defendant's aforesaid negligence and/or omissions, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with interest and costs, prejudgment interest, and for such other and further relief as the Court deems just and proper.

### Count III – Maintenance and Cure

14.     Plaintiff incorporates by references paragraphs 1 through 6 above as if fully set forth herein.

15.     Plaintiff, as a seaman, brings suit against the Defendant under the General Maritime Law of the United States, so much of which is pertinent hereto, including the warranty of unseaworthiness.

16.     That as a result of said injures, Plaintiff has incurred extensive medical expense of treatment and other services.

17.     Plaintiff has not yet reached a point of maximum cure, and further medical expense will be incurred into the future.

18.     Defendant has failed to meet its duty under General Maritime Law to provide its employee, the Plaintiff, with full and adequate maintenance and cure for said injuries.

19.     Defendant's failure is in contravention of Plaintiff's established maritime rights.

20.     In addition, Defendant ACBL has willfully, wantonly, arbitrarily, and capriciously failed to live up to its maintenance and cure obligations, entitling Plaintiff to an award of punitive damages and attorneys' fees.

WHEREFORE Plaintiff demands that ACBL institute maintenance payments (including back maintenance) and guarantee payment of his medical bills and/or reimburse him for his medical bills, together with legal interest thereon from the judicial demand until paid, and for all costs of these proceedings, attorneys fees, and all general and equitable relief as the Court deems just and proper.

## IV.
### JURY DEMAND

21.     Plaintiff hereby requests a trial by jury on all claims.

**DATED: April 29, 2022**

Respectfully submitted,

**GROSSMAN GREEN PLLC**

/s/H. Philip Grossman
H. Philip Grossman
Abigale Rhodes Green
2000 Warrington Way Suite 170
Louisville, Ky. 40222
Main   502-657-7100
Direct 502-657-7110
pgrossman@grossmangreen.com
agreen@grossmangreen.com

-AND-

**ARNOLD & ITKIN, LLP**

Jason A. Itkin
Texas State Bar No: 24032461
(*Pro Hac Vice anticipated*)
Trent A. Shelton
Texas State Bar No: 24121119
(*Pro Hac Vice anticipated*)
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
tshelton@arnolditkin.com

***Plaintiff's Attorneys***